**KELLEY DRYE & WARREN LLP**
John M. Callagy (JC 8166)
Nicholas J. Panarella (NP 2890)
Martin A. Krolewski (MK 3352)
101 Park Avenue
New York, New York  10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897

Attorneys for Defendant JPMorgan Chase Bank, N.A.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 Case |
| | : | |
| MOTORS LIQUIDATION COMPANY, *et al.,* | : | Case No. 09-50026 (REG) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| OFFICIAL COMMITTEE OF UNSECURED | : | Adversary Proceeding |
| CREDITORS OF MOTORS LIQUIDATION COMPANY | : | |
| f/k/a GENERAL MOTORS CORPORATION, | : | Case No. 09-00504 (REG) |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| JPMORGAN CHASE BANK, N.A., individually and as | : | |
| Administrative Agent for Various lenders party to the Term | : | |
| Loan Agreement described herein, *et al.,* | : | |
| | : | |
| Defendants. | | |

**ANSWER OF DEFENDANT**
**<u>JPMORGAN CHASE BANK, N.A.</u>**

JPMorgan Chase Bank, N.A. ("JPMCB"), in its individual capacity and as

administrative agent ("Administrative Agent") for lenders under a term loan agreement, dated as

of November 29, 2006 (as may be amended, restated, supplemented or otherwise revised from

time to time, and together with all related agreements and documents, the "Term Loan

Agreement"), by its attorneys Kelley Drye & Warren LLP, for its Answer to the Complaint dated

July 31, 2009 ("Complaint") of the Official Committee of Unsecured Creditors of Motors

Liquidation Company f/k/a General Motors Corporation ("Plaintiff" or the "Committee"),

answers as follows:[1]

      1.      States that the allegations of paragraph 1 of the Complaint constitute legal
conclusions as to which no responsive pleading is required.  To the extent a response is required,
JPMCB denies knowledge or information sufficient to form a belief as to the truth of the
allegations of paragraph 1 of the Complaint.

      2.      States that the allegations of paragraph 2 of the Complaint constitute legal
conclusions as to which no responsive pleading is required.  To the extent a response is required,
JPMCB denies knowledge or information sufficient to form a belief as to the truth of the
allegations of paragraph 2 of the Complaint.

      3.      States that the allegations of paragraph 3 of the Complaint constitute legal
conclusions as to which no responsive pleading is required.  To the extent a response is required,
JPMCB denies knowledge or information sufficient to form a belief as to the truth of the
allegations of paragraph 3 of the Complaint.

      4.      States that the allegations of paragraph 4 of the Complaint constitute legal
conclusions as to which no responsive pleading is required.  To the extent a response is required,

---

[1]      JPMCB does not Answer this Complaint on behalf of any other defendant named in the Complaint or
lender under the Term Loan Agreement.

JPMCB denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint.

5. Admits that Motors Liquidation Company f/k/a General Motors Corporation and certain of its subsidiaries (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on June 1, 2009 (the "Petition Date") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

6. Admits the allegations of Paragraph 6 of the Complaint.

7. States that the allegations of paragraph 7 of the Complaint constitute legal conclusions as to which no responsive pleading is required. To the extent a response is required, JPMCB denies the allegations of paragraph 7 of the Complaint, except admits that the *Final Order Pursuant to Bankruptcy Code Sections 105(a), 361, 362, 363, 364 and 507 and Bankruptcy Rules 2002, 4001 and 6004(A) Approving a DIP Credit Facility and Authorizing the Debtors to Obtain Post-Petition Financing Pursuant Thereto, (B) Granting Related Liens and Super-Priority Status, (C) Authorizing the Use of Cash Collateral and (D) Granting Adequate Protection to Certain Pre-Petition Secured Parties* dated June 25, 2009 (the "DIP Order") provides the Committee with certain limited rights "with respect only to the perfection of first priority liens of the Prepetition Senior Facilities Secured Parties [as defined in the DIP Order]" and refers to the DIP Order for the terms set forth therein.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint, except admits that the Committee asked

counsel to JPMCB for a list of lenders or other entities who acquired interest in the loan made under the Term Loan Agreement, and that such a list had not been provided prior to the filing of the Complaint.

9.      Denies that an entity named ABN AMRO Bank N.V. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

10.      Denies that an entity named Advent Glb Opps MSTR Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Advent Global Opportunity Master Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

11.      Denies that an entity named Aegon Transamer MFS Hi Yld was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Aegon/Transamerica Series Trust MFS Highyield was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

12.      Admits that an entity named Alticor Incorporated was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

13.      Admits that an entity named American International Group Incorporated was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

14.      Denies that an entity named APG Fixed Income Credits was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an

-4-

entity named APG Fixed Income Credits Pool was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

15.    Admits that an entity named Arch Reinsurance Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

16.    Admits that an entity named Ares IX CLO Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

17.    Admits that an entity named Ares VIII CLO Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

18.    Admits that an entity named Ares VIR CLO Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

19.    Admits that an entity named Ares XI CLO Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

20.    Admits that an entity named Arrowgrass Master Fund Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

21.    Admits that an entity named Atrium IV was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

22.    Admits that an entity named Atrium V was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

23.     Admits that an entity named Avenue CLO V Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

24.     Admits that an entity named Avery Point CLO Limited was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

25.     Admits that an entity named Ballyrock CLO 2006-1 Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

26.     Admits that an entity named Ballyrock CLO 2006-2 Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

27.     Admits that an entity named Baltic Funding LLC was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

28.     Admits that an entity named Bank of America N.A. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

29.     Admits that an entity named Barclays Bank PLC was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

30.     Admits that an entity named BBT Fund LP was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

31.     Admits that an entity named Big Sky III Senior Loan Trust was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

32.     Denies that an entity named Black Diamond CLO 2005 2 was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Black Diamond CLO 2005-2 Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

33.     Denies that an entity named Black Diamond CLO 2005 1 was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Black Diamond CLO 2005-1 Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

34.     Denies that an entity named Black Diamond CLO 2006-1 CAYMN was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Black Diamond CLO 2006-1 Cayman Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

35.     Denies that an entity named Black Diamond Intl FDG was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Black Diamond International Funding Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

36.     Denies that an entity named Blackrock BD FD Inc Hi Inc FD was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Blackrock High Income Fund of Blackrockbond Fund Inc. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

37.     Denies that an entity named Blackrock CA State Teach Ret was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named California State Teachers' Retirement System was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

38.     Denies that an entity named Blackrock Corporate High Yield Fund III I was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Blackrock Corporate High Yield Fund III Inc. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

39.     Admits that an entity named Blackrock Corporate High Yield Fund Inc. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

40.     Admits that an entity named Blackrock Corporate High Yield Fund V Inc. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

41.     Admits that an entity named Blackrock Corporate High Yield Fund VI Inc. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

42.     Admits that an entity named Blackrock Debt Strategies Fund Inc. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

43.     Admits that an entity named Blackrock Diversified Income Strategies Fund Inc. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

44.     Denies that an entity named Blackrock Emp Ret FD City Dal was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Employees' Retirement Fund of the City of Dallas was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

45.     Admits that an entity named Blackrock Funds High Yield Bond Portfolio was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

46.     Denies that an entity named Blackrock Floating Rate Income Strategies was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Blackrock Floating Rate Income Strategies Fund Inc. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

47.     Denies that an entity named Blackrock Gbl Inv Ser Inc STR was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Blackrock Global Investment Series: Income Strategies Portfolio was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

48.     Denies that an entity named Blackrock GIS Inc STR PF was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Blackrock Global Investment Series: Income Strategies Portfolio was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

49.     Denies that an entity named Blackrock GSAM Goldman Core PL was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits

that an entity named Blackrock GSAM Goldman Core Plus Fixed Income Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

50.    Admits that an entity named Blackrock High Income Shares was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

51.    Admits that an entity named Blackrock High Yield Trust was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

52.    Denies that an entity named Blackrock Met Inv Sr TR High Yield was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Blackrock Met Investors Series Trust High Yield Portfolio was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

53.    Denies that an entity named Blackrock MGD Ac Sr Hi Inc PF was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Blackrock Managed Account Series High Income Portfolio was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

54.    Denies that an entity named Blackrock Multi – Strategy Fixed was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

55.    Denies that an entity named Blackrock Multi – STRTG Sub – TR C was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Blackrock Multi Strategy Sub-Trust C was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

56.     Denies that an entity named Blackrock Senior High Fund Inc was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Blackrock Senior High Income Fund Inc. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

57.     Denies that an entity named Blackrock Senior Income Series II was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

58.     Admits that an entity named Blackrock Senior Income Series IV was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

59.     Admits that an entity named Blackrock Strategic Bond Trust was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

60.     Denies that an entity named Blackrock – Lock Martin MSTR Ret was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Blackrock-Lockheed Martin Corp Master Retirement Trust was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

61.     Denies that an entity named CAI Distressed Debt Opportu was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named CAI Distressed Debt Opportunity Master Fund, Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

62.     Denies that an entity named Canadian Imperial Bank of Commerce was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

-11-

63.     Admits that an entity named Canyon Capital CDO 2002-1 Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

64.     Admits that an entity named Cap Fund LP was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

65.     Denies that an entity named Cap Rsch – Amer Hi Inc TR was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Capital Research-American High Income Trust was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

66.     Denies that an entity named Carlyle High Yield Par IX Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

67.     Denies that an entity named Carlyle High Yield Partners 2008-1, Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

68.     Denies that an entity named Castle Garden FDG was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Castle Garden Funding was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

69.     Denies that an entity named Caterpillar Inc MSTR Pen TR  was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Caterpillar Incorporated Master Pension Trust was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

70.     Denies that an entity named Celfin Capital S.A. GFUFI was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Celfin Capital S.A. Adm. General de Fondos para Ultra Fondo de Inversion was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

71.     Denies that an entity named Chatham Light II CLO was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Chatham Light II CLO Limited was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

72.     Denies that an entity named Citibank, N.A. – New York was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Citibank N.A. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

73.     Admits that an entity named Citigroup Financial Products Inc was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

74.     Admits that an entity named Classic Cayman B D Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

75.     Denies that an entity named Coca Cola Co Ret & MSTR TR was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

76.     Denies that an entity named Contl Casualty Co was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named

Continental Casualty Company was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

77.     Admits that an entity named Credit Suisse Loan Funding LLC was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

78.     Denies that an entity named Credit Suisse, Cayman Islands Branch was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

79.     Denies that an entity named CS Syndicated Loan FD was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Credit Suisse Syndicated Loan Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

80.     Denies that an entity named CSAM Syndicated Loan Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

81.     Denies that an entity named Cypress Tree International Loan Holding Company was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

82.     Denies that an entity named DE – SEI Instl Inv TR – Hi Yld BD was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Delaware-SEI Institutional Investment Trust-High Yield Bond Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

83.     Denies that an entity named DE – SEI Instl Mgd TR – Hi Yld BD was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Delaware-SEI Institutional Managed Trust-High Yield Bond Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

84.     Admits that an entity named Debello Investors LLC was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

85.     Denies that an entity named Del Grp Gov FD Core PL FD was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Delaware Group Government Fund Core Plus Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

86.     Admits that an entity named Delaware Diversified Income Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

87.     Admits that an entity named Delaware Diversified Income Trust was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

88.     Denies that an entity named Delaware Enhanced Global Divid was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Delaware Enhanced Global Dividend and Income Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

89.     Denies that an entity named Delaware Extended Dur BD FD was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an

entity named Delaware Extended Duration Bond Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

90.    Denies that an entity named Delaware Gr Inc FD Corporate was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Delaware Group Inc Fund Inc. Corporate Bond Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

91.    Denies that an entity named Delaware Grp Eq V Div Inc FD was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Delaware Group Equity V Inc. Dividend Income Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

92.    Denies that an entity named Delaware High – Yield Opp FD was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Delaware Group Income Funds – Delaware High Yield Opportunities Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

93.    Denies that an entity named Delaware Inv Div & Income FD was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Delaware Investments Dividend & Income Fund Inc. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

94.    Denies that an entity named Delaware Inv Glb Div & Income was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an

entity named Delaware Investments Global Dividend & Income Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

95.    Admits that an entity named Delaware Optimum Fixed Income Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

96.    Denies that an entity named Delaware Pooled TR – Core PL Inc was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Delaware Pooled Trust-Core Plus Fixed Income Portfolio was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

97.    Denies that an entity named Delaware Pooled TR – Hi Yld BD P was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Delaware Pooled Trust - High Yield Bond Portfolio was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

98.    Denies that an entity named Delaware VIP TR Diversified In was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Delaware VIP Trust Diversified Income Series was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

99.    Denies that an entity named Delaware VIP TR Hi Yld Series was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Delaware VIP Trust High Yield Series was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

100.    Denies that an entity named Deutsche Bank – New York was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Deutsche Bank AG was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

101.    Admits that an entity named Deutsche Bank AG Cayman Islands Branch was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

102.    Admits that an entity named Eaton Vance CDO IX Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

103.    Admits that an entity named Eaton Vance CDO VIII Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

104.    Admits that an entity named Eaton Vance CDO X PLC was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

105.    Denies that an entity named Eaton Vance FLTG Rt Inc. TR was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Eaton Vance Floating Rate Income Trust was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

106.    Admits that an entity named Eaton Vance Grayson & Co. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

107.    Admits that an entity named Eaton Vance Institutional Senior Loan Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

108.    Admits that an entity named Eaton Vance Limited Duration Income Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

109.    Admits that an entity named Eaton Vance Loan Opportunities Fund Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

110.    Denies that an entity named Eaton Vance Medallion Floating was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Eaton Vance Medallion Floating Rate Income Portfolio was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

111.    Admits that an entity named Eaton Vance Senior Debt Portfolio was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

112.    Admits that an entity named Eaton Vance Senior Floating Rate Trust was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

113.    Denies that an entity named Eaton Vance Senior Income Trust was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

114.    Admits that an entity named Eaton Vance Short Duration Diversified Income Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

115.    Admits that an entity named Eaton Vance Variable Trust Floating Rate Income Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

116.    Denies that an entity named Employers Ins Company of WAUSA was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Employers Insurance Company of WAUSAU was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

117.    Denies that an entity named Fidelity Adv Sr I – Advr Fltg R was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Fidelity Advisor Series I-Advisor Floating Rate High Income Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

118.    Denies that an entity named Fidelity Advisor Series I – Fidelity Advisor High Income was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Fidelity Advisor Series I-Advisor High Income Advantage Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

119.    Denies that an entity named Fidelity Advisor Series II – Fidelity Advisor STRT was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Fidelity Advisor Series II-Advisor Strategic Income Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

120.    Denies that an entity named Fidelity American High Yield Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

121.    Denies that an entity named Fidelity Ballyrock CLO II was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an

entity named Ballyrock CLO II Limited was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

122.    Denies that an entity named Fidelity Ballyrock CLO III was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Ballyrock CLO III Limited was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

123.    Denies that an entity named Fidelity CIP LLC High Inc. CF 2 was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Fidelity Central Investment Portfolios LLC Fidelity High Income Central Fund 2 was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

124.    Admits that an entity named Fidelity Central Investment Portfolios LLC Fidelity Floating Rate was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

125.    Denies that an entity named Fidelity Illinois Muni Ret FD was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

126.    Denies that an entity named Fidelity Puritan TR – Puritan Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

127.    Denies that an entity named Fidelity SCH ST TR – STRT Income Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but

admits that an entity named Fidelity School Street Trust-Strategic Income Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

128. Denies that an entity named Fidelity Summer ST – Cap & Inc F was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Fidelity Summer Street Trust-Capital & Income Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

129. Denies that an entity named Fidelity Summer ST TR – Cap & In was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Fidelity Summer Street Trust-Capital & Income Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

130. Denies that an entity named Fidelity Summer ST TR – Hi Inc F was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Fidelity Summer Street Trust-High Income Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

131. Denies that an entity named Fidelity VIP V STRT Inc PF was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Fidelity Variable Insurance Products V Strategic Income Portfolio was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

132. Admits that an entity named Foothill CLO I Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

133.    Denies that an entity named Foothill Gr Inc was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Foothill Group Inc. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

134.    Denies that an entity named Foothill Grp Inc was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Foothill Group Inc. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

135.    Denies that an entity named Fortress CR INVS I Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Fortress Credit Investments I Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

136.    Denies that an entity named Fortress CR INVS II Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Fortress Credit Investments II Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

137.    Admits that an entity named Four Corners CLO II Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

138.    Admits that an entity named Four Corners CLO III Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

139.    Denies that an entity named FRT TR 4 Cor Sr FL Rt Inc FD 2 was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named First Trust Four Corners Senior Floating Rate Income Fund II was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

140.    Denies that an entity named FST TR/Four Corners Sr FLTG Rt was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named First Trust/Four Corners Senior Floating Rate Income Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

141.    Denies that an entity named Galaxite master Unit TST was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named The Galaxite Master Unit Trust was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

142.    Denies that an entity named GE Pen TR was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named General Electric Pension Trust was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

143.    Admits that an entity named General Electric Capital Corporation was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

144.    Admits that an entity named Genesis CLO 2007-1 Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

145.    Admits that an entity named Genesis CLO 2007-2 Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

146.    Denies that an entity named Global Investment Grade Credit was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Global Investment Grade Credit Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

147.    Admits that an entity named Golden Knight II CLO Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

148.    Admits that an entity named Goldentree Loan Opportunities III, Limited was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

149.    Admits that an entity named Goldentree Loan Opportunities IV Limited was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

150.    Denies that an entity named Goldman Sachs – ABS Loans 2007-1 was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Goldman Sachs – ABS Loans 2007 Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

151.    Denies that an entity named Goldman Sachs Credit Partners L.P. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

152.    Denies that an entity named Goldman Sachs Lending Partners was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits

that an entity named Goldman Sachs Lending Partners LLC was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

153.     Denies that an entity named Goldman Sachs – ABS 2007 Loans L was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Goldman Sachs-ABS Loans 2007 Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

154.     Denies that an entity named Gracie Cr Opportunities Master was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Gracie Credit Opportunities Master Fund LP was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

155.     Denies that an entity named Grand Cent Asset TR Wam was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Grand Central Asset Trust Wam Series was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

156.     Admits that an entity named Guggenheim Portfolio Company X LLC was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

157.     Denies that an entity named Gulf Stream – Sextant CLO 2007 was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Gulf Stream – Sextant CLO 2007-1 Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

158.    Denies that an entity named Gulf Stream Compass CLO 2003-1 was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Gulf Stream Compass CLO 2003-1 Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

159.    Denies that an entity named Gulf Stream – Compass CLO 2007 was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Gulf Stream-Compass CLO 2007 Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

160.    Denies that an entity named Harch CLO II Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

161.    Denies that an entity named Hartford – FLTG Bk Ln Sr of Hart was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

162.    Denies that an entity named Hartford Floating Rate Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

163.    Admits that an entity named Highland Floating Rate Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

164.    Denies that an entity named Highland – Pac Sel FD FLTG Rt Ln was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

165.    Admits that an entity named Highland Credit Opportunities CDO Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

166.    Denies that an entity named Highland Offshore Partners, L.P. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

167.    Denies that an entity named Iowa Public Employees Retire was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Iowa Public Employees Retirement System was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

168.    Denies that an entity named Ivy – Hi Inc FD was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Ivy Fund Inc-High Income Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

169.    Admits that an entity named JPMCB was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

170.    Admits that an entity named JP Morgan Whitefriars Inc. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

171.    Admits that an entity named Jersey Street CLO Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

172.    Admits that an entity named Katonah III Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

173.    Admits that an entity named Katonah IV Limited was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

174.    Denies that an entity named L3 – Lincoln Variable Insurance Products was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named L3-Lincoln Variable Insurance Products Trust – Managed Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

175.    Denies that an entity named LEH – Principal Investors FD was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Lehman Principal Investors Fund, Inc. – High Yield Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

176.    Denies that an entity named Lehman Brothers First Trust was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Lehman Brothers First Trust Income Opportunity Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

177.    Denies that an entity named Lehman Brothers High Income was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Lehman Principal Investors Fund, Inc – High Yield Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

178.    Denies that an entity named Lehman GMAM Inv FDS TR was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named GMAM Investment Funds Trust was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

-29-

179.    Denies that an entity named Lehman – Neuberger Berman – High I was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Lehman-Neuberger Berman-High Income Bond Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

180.    Denies that an entity named Lincoln National Life Insurance 12 was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Lincoln National Life Insurance Company Separate Account 12 was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

181.    Denies that an entity named Lincoln National Life SA20 was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Lincoln National Life WSA20 was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

182.    Admits that an entity named Loan Funding XI LLC was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

183.    Denies that an entity named Logan – Raytheon MPT – FLTG Rate was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Raytheon MPT-Logan Floating Rate Portfolio was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

184.    Denies that an entity named Logan – Raytheon MPT – Mid Grde P was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits

that an entity named Raytheon MPT-Logan Mid Grade Portfolio was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

185.    Denies that an entity named Logan Circle – Alameda City Tra was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Logan Circle – Alameda Contra Costa Transit Retirement System was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

186.    Denies that an entity named Logan Circle – Allina Health S was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Logan Circle – Allina Health Sys Defined Bnft Master Tr was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

187.    Denies that an entity named Logan Circle – Allina Healths was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Logan Circle – Allina Health System Trust was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

188.    Denies that an entity named Logan Circle – RIC PLC was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Logan Circle – Russell Investment Company PLC was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

189.    Denies that that an entity named Logan Circle – Rus STR Bnd FND was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits

that an entity named Russell Strategic Bond Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

190.    Denies that an entity named Logan Circle – Russell Multi – M was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Logan Circle – Russell Multi-Managed Bond Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

191.    Denies that an entity named Logan Circle Freddie Mac FDTN was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Logan Circle Freddie Mac Foundation Inc. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

192.    Denies that that an entity named Logan Circle Peoples Enrgy Cor was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Logan Circle Peoples Energy Corporation Pension Trust was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

193.    Denies that an entity named Logan Circle – Sunoco Inc MSTR was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Logan Circle – Sunoco Inc Master Retirement Trust was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

194.    Denies that an entity named Logan Circle Wis Pub Ser Pen T was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an

entity named Logan Circle Wisconsin Public Service Corporation Pension Trust was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

195.    Denies that an entity named Logan Circle – Liberty ML Emp TI was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Logan Circle – Liberty Mutual Employee Thrift Incentive Plan was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

196.    Denies that an entity named Logan Circle – Russell Inst Fun was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Logan Circle – Russell Inst Funds LLC – Russell Core Bond Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

197.    Denies that an entity named Logan Crcl Bechtel TR Thri was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Logan Circle – Bechtel Corporation was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

198.    Denies that an entity named Mackay – Fire and Police Emplo was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named MacKay 8067 – Fire and Police Emp Ret Sys of the City of Baltimore was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

199.    Denies that an entity named MacKay NY Life Ins Co GP was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an

entity named New York Life Insurance Company (Guaranteed Products) was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

200.    Denies that an entity named MacKay Shields Arkansas Public Employee Retirement System was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named MacKay 1028-Arkansas Public Employee Retirement was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

201.    Denies that an entity named MacKay Shields Core Plus Alpha Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named MacKay Shields Core Plus Alpha Fund Ltd was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

202.    Admits that an entity named MacKay Short Duration Alpha Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

203.    Denies that an entity named MacKay – Houston Pol Off Pen Sys was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named MacKay-Houston Police Officers Pension System was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

204.    Denies that an entity named Madison Park FDG III Ltd was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Madison Park Funding III Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

205.    Denies that an entity named Madison Park FDNG VI Ltd was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Madison Park Funding VI Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

206.    Denies that an entity named Madison Park Funding II was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Madison Park Funding II Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

207.    Admits that an entity named Madison Park Funding IV Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

208.    Admits that an entity named Marathon CLO I Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

209.    Admits that an entity named Marathon CLO II Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

210.    Admits that an entity named Marathon Financing I B V was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

211.    Admits that an entity named Marlborough Street CLO Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

212.    Admits that an entity named Mason Capital LP was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

213.    Admits that an entity named Mason Capital Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

214.    Admits that an entity named Mayport CLO Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

215.    Denies that an entity named McDonnell Illinois State Board of Investment was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

216.    Denies that an entity named Meritage Fund Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

217.    Admits that an entity named Merrill Lynch Capital Services Inc. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

218.    Denies that an entity named Metwest Am – 705 Hi Yld BD FD was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Metropolitan West High Yield Bond Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

219.    Denies that an entity named MFS – High Yield Var Acct was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named High Yield Variable Account was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

220.    Denies that an entity named MFS Charter Inc TR was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity

named MFS Charter Income Trust was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

221.    Denies that an entity named MFS Diversified Income Fund – Sr was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named MFS Diversified Income Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

222.    Denies that an entity named MFS FLTG Rt Hi Inc FD was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named MFS Series Trust X Floating Rate High Income Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

223.    Denies that an entity named MFS Intermarket Inc TR I was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named MFS Intermarket Income Trust I was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

224.    Denies that an entity named MFS Intermediate High Income F was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named MFS Intermediate High Income Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

225.    Admits that an entity named MFS Multimarket Income Trust was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

226.    Denies that an entity named MFS Spcl VL TR was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named MFS Special Value Trust was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

227.    Denies that an entity named MFS Sr III TR Hi Yld Opp FD was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named MFS Series Trust III High Yield Opportunities Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

228.    Denies that an entity named MFS Sr TR III Hi Inc FD was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named MFS Series Trust III High Income Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

229.    Denies that an entity named MFS TR VIII STRT Inc FD was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named MFS Series Trust VIII Strategic Income Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

230.    Denies that an entity named MFS Var Ins TR – MFS Strtgc Inc was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named MFS Variable Insurance Trust  - MFS Strategic Income Series VWG was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

231.    Denies that an entity named MFS Variable Ins TR MFS High I was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named  MFS Variable Insurance Trust MFS High Income Series was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

232.    Denies that an entity named MFS VIT II High Yield Portfolio was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named MFS Variable Insurance Trust II High Yield Portfolio was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

233.    Denies that an entity named MFS VIT II STRT Inc Port was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named MFS Variable Insurance Trust II Strategic Income Portfolio was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

234.    Denies that an entity named MFS – Dif – Diversified Income Fun was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named MFS Diversified Income Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

235.    Denies that an entity named Microsoft Global Finance was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Microsoft Global Finance Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

236.    Denies that an entity named MO St Emp Ret Sys was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Missouri State Employees Retirement System was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

237.    Denies that an entity named Momentum Cap FD Ltd was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Momentum Capital Fund Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

238.    Denies that an entity named Morgan Stanley Senior FD Inc. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Morgan Stanley Senior Funding Inc. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

239.    Admits that an entity named Mt. Wilson CLO II Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

240.    Denies that an entity named Muzinich Extrayld FDS SLN FD was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Muzinich and Co. Ireland Ltd. for the Account of Extra Yield S Loan Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

241.    Admits that an entity named Nash Point CLO was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

242.     Admits that an entity named National City Bank was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

243.     Denies that an entity named Neuberger Berman Inc Opp FD was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Neuberger Berman Income Opportunity Fund, Inc. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

244.     Denies that an entity named New York Life Insurance Co GP was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named New York Life Insurance Company Guaranteed Products was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

245.     Admits that an entity named New York Life Insurance Company GP-Portable Alpha was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

246.     Denies that an entity named Oak Hill Credit Partners II Limited was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

247.     Denies that an entity named Oak Hill Credit Partners III Limited was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

248.     Denies that an entity named Oak Hill Credit Partners IV Limited was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

249.     Admits that an entity named Oak Hill Credit Partners V Limited was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

250.     Denies that an entity named Oaktree – Bill & Melinda Gates was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Oaktree-Bill & Melinda Gates Foundation Trust was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

251.     Denies that an entity named Oaktree – Emp Ret FD City of D was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Oaktree – Employees Retirement Fund of the City of Dallas was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

252.     Denies that an entity named Oaktree – Gen Brd Pen Hlth Bnf was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Oaktree – Gen Brd of Pen & Hlth Bnft of the UN Methodist Church Inc. in Missouri was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

253.     Admits that an entity named Oaktree – High Yield Fund II, L.P. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

254.     Denies that an entity named Oaktree – Pacific Gas & Electric Post was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Oaktree – Pacific Gas & Electric Post Ret Med Trust for Non-Mgt Emp &

Retirees was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

255.    Denies that an entity named Oaktree – San Diego City Employees' Retirement was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Oaktree – San Diego County Employees Retirement Association was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

256.    Admits that an entity named Oaktree-TMCT LCC was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

257.    Denies that an entity named Oaktree Capital Management – High Yield TR was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Oaktree Capital Mgmt High Yield Trust was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

258.    Denies that an entity named Oaktree – DaimlerChrysler Corp. M was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Oaktree-DaimlerChrysler Corporation Master Retirement Trust was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

259.    Admits that an entity named Oaktree – High Yield LP was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

260. Denies that an entity named Oaktree Loan Fund 2X (CAY) LP was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Oaktree Loan Fund 2X (Cayman), L.P. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

261. Admits that an entity named Oaktree Loan Fund, L.P. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

262. Denies that an entity named Oaktree Senior Loan Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Oaktree Senior Loan Fund, L.P. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

263. Denies that an entity named Oaktree – International Paper Co COMNGL was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Oaktree – International Paper Co. Commingled Investment Group Trust was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

264. Denies that an entity named OCM – Cent ST, SE & SW Pens Pl was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Oaktree CAP Mgt – Central States SE and S W Area Pens Plan was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

265. Denies that an entity named OCM – IBM Personal Pens Pl was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an

entity named OCM-IBM Personal Pension Plan was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

266.    Denies that an entity named OCM – Pacific Gas& Electric Comp Ret TR was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named OCM-Pacific Gas & Electric Company Retirement Plan Master Trust was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

267.    Denies that an entity named OCM – State Teach Ret OH was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named OCM-The State Teachers Retirement System of Ohio was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

268.    Denies that an entity named OCM – WM Pool High Yield Fix Int TR was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named OCM-WM Pool High Yield Fixed Interest Trust was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

269.    Denies that an entity named OCM High Yield Plus FD LP was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Oaktree High Yield Plus Fund LP was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

270.    Denies that an entity named OEVAG was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named

Oesterreichische Volksbanken AG a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

271.    Denies that an entity named Ohio Police & Fire Pension was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Ohio Police & Fire Pension Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

272.    Denies that an entity named Oppenheimer Senior Floating Rate Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

273.    Denies that an entity named OW FDNG Ltd was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named OW Funding Limited was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

274.    Denies that an entity named Pension Inv Comm of GM for GM was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Pension Inv Committee of GM for GM Employees Domestic Group Pension Trust was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

275.    Denies that an entity named Phoenix Edge Sr FD Multi Sect was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Phoenix Edge Series Fund Phoenix Multi Sector Short Term Bond Series was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

276.    Denies that an entity named Phoenix Edge – Multi – Sec Fix Inc was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Phoenix Edge SRS-Multi-Sector Fixed Income Series was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

277.    Denies that an entity named Pimco Fairway Loan Funding Co was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Fairway Loan Funding Company was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

278.    Denies that an entity named Pimco1464 – Freescale Retirement was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Pimco1464-Freescale Semiconductor Inc. Retirement Savings was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

279.    Denies that an entity named Pimco1641 – Sierra Pac Rscrce De was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Pimco1641-Sierra Pacific Resources Defined Ben Mstr Tr was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

280.    Denies that an entity named Pimco2244 – Virginia Retirement was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Pimco2244-Virginia Retirement System was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

281.     Admits that an entity named Pimco2603-Red River HYPI LP was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

282.     Denies that an entity named Pimco3813 – Cayman Bk Ln FD was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Pimco3813 – Pimco Cayman Bank Loan Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

283.     Denies that an entity named Pimco400 – Stk Plus Sub FD B LLC was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Pimco400-Stocks Plus Sub Fund B LLC was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

284.     Denies that an entity named Pimco6819 Portola CLO Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Portola CLO Ltd. Was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

285.     Denies that an entity named Pimco706 – FD Private Hi Yd Pt was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Pimco706-Private High Yield Portfolio was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

286.     Denies that an entity named Plumbers & Pipefitters Nat was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an

entity named Plumbers & Pipefitters National Pension Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

287.    Admits that an entity named Primus CLO I Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

288.    Admits that an entity named Primus CLO II Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

289.    Denies that an entity named Putnam 29X – FDS TR – FLTG Rt Inc was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Putnam 29X-Funds Trust Floating Rate Income Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

290.    Denies that an entity named Putnam Bk Ln FD (Cayman) MSTR was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

291.    Denies that an entity named Pyramis FLTG Rt Hi Inc COMNGL was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Pyramis Floating Rate High Income Commingled Pool was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

292.    Denies that an entity named Pyramis Hi Yld FD LLC was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Pyramis High Yield Fund LLC was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

293.    Admits that an entity named Race Point II CLO was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

294.    Admits that an entity named Race Point III CLO was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

295.    Admits that an entity named Race Point IV CLO Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

296.    Denies that an entity named RBC Dexia Investors Services was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named RBC Dexia Investor Services Trust as Trustee for GM Canada Foreign Trust was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

297.    Denies that an entity named Reams – Brd of Pen Presbyteria was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Reams – Brd of Pen Presbyterian Church was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

298.    Denies that an entity named Reams – Children's Hsptl Phila was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Reams – Children's Hospital Philadelphia was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

299.    Denies that an entity named Reams – CT Gen Life Ins Co was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an

entity named Reams – Connecticut General Life Insurance Company was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

300.     Denies that an entity named Reams – Emp Ret Sys of the Cit was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Reams – Emp Ret Sys of the City of Milwaukee was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

301.     Admits that an entity named Reams – Halliburton Company was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

302.     Denies that an entity named Reams – Indiana University was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Indiana University was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

303.     Denies that an entity named Reams – Kraft Foods Master Ret was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Reams – Kraft Foods Master Retirement Trust was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

304.     Admits that an entity named Reams – LA Fire and Police was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

305.     Denies that an entity named Reams – Parkview Memorial Hospital was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits

that an entity named Reams – Parkview Memorial Health was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

306.    Denies that an entity named Reams – Prudential Ret. Ins. & Ann. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Reams-Prudential Retirement Insurance & Annuity Company was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

307.    Denies that an entity named Reams – Reichold was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Reichold was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

308.    Admits that an entity named Reams – Reichold Inc. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

309.    Denies that an entity named Reams – Rotary Intl Foundation was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Reams – Rotary International Foundation was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

310.    Denies that an entity named Reams – St Indiana Major Moves was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named State of Indiana Major Moves was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

311.     Denies that an entity named Reams – The Mather Foundation was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named The Mather Foundation was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

312.     Denies that an entity named Reams Agi Gl Gx Inc Mst FD was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Reams – Agility Global Fixed Income Master Fund LP was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

313.     Denies that an entity named Reams – Amer Pres Lines Ltd was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but Admits that an entity named Reams – American President Lines Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

314.     Denies that an entity named Reams – Amer President Lines Ltd was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but Admits that an entity named Reams – American President Lines Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

315.     Denies that an entity named Reams – Bill & Melinda Found was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Reams-Bill & Melinda Gates Foundation was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

316.     Denies that an entity named Reams Bill Mel Gates FD T was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Reams-Bill & Melinda Gates Foundation Trust was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

317.     Denies that an entity named Reams Board of Fire was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Reams – Board of Fire and Police Pension Commissioners of the City of Los Angeles was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

318.     Denies that an entity named Reams Carp Pens Fund ILL was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Reams – Carpenters Pension Fund of Illinois Pension Plan was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

319.     Denies that an entity named Reams Chicago Park Dist was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Reams – Chicago Park District was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

320.     Denies that an entity named Reams Childrens Hsptl Fnd was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named The Children's Hospital Foundation was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

321.    Denies that an entity named Reams – City Mont Retir Sys was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Reams – City of Montgomery Retirement System was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

322.    Denies that an entity named Reams City of Milwaukee Ret was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named City of Milwaukee Retirement System was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

323.    Denies that an entity named Reams City of Mont Al Empl Ret was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Reams City of Montgomery Alabama Employee's Retirement System was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

324.    Denies that an entity named Reams Emerson was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Reams – Emerson Electric Co. Retirement Master Trust was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

325.    Denies that an entity named Reams Hallib Co Emp Ben Ms was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Reams – Halliburton Company Employee Benefit Master Trust was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

326.     Denies that an entity named Reams IA St PLC Pensio was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Reams Indiana State Police Pension Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

327.     Admits that an entity named Reams – ILWU/PMA was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

328.     Denies that an entity named Reams Indiana St Pol Pen TR was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Reams Indiana State Police Pension Trust was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

329.     Admits that an entity named Reams – Indiana State Police was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

330.     Denies that an entity named Reams Indiana St Teach Ret FD was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Reams-Indiana State Teachers Retirement Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

331.     Denies that an entity named Reams Louisiana Carp Reg CNC P was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Louisiana Carpenters Regional Council Pension Trust Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

332.    Denies that an entity named Reams Muni Emp Ret Sys Michiga was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Reams Municipal Employee Retirement System of Michigan was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

333.    Admits that an entity named Reams Trustees of Indiana University was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

334.    Denies that an entity named Reams – Balt Cnty Retirement was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Reams – Baltimore County Retirement was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

335.    Denies that an entity named Reams – Bldng Trds Un Pen TR was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Reams-Building Trades United Pension Trust was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

336.    Denies that an entity named Reams – Carp Pen FD IL was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Reams-Carpenters Pension Fund of Illinois Pension Plan was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

337.    Denies that an entity named Reams – City of Oakland Police was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an

entity named City of Oakland Police and Fire Retirement System was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

338.    Denies that an entity named Reams – Columbs Ext Mkt FD LLC was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Reams-Columbus Extended Market Fund LLC was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

339.    Denies that an entity named Reams – Cummins Affiliate Col In was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Reams - Cummins Inc. and Affiliates Collective Investment Trust was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

340.    Denies that an entity named Reams – Duchossois Ind Inc was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named The Duchossois Group Inc. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

341.    Denies that an entity named Reams – Eight Dist Elec Pen FD was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Reams-Eight District Electrical Pension Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

342.    Denies that an entity named Reams – Emerson Elctrc was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an

entity named Reams-Emerson Electric was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

343.     Denies that an entity named Reams – Emp Ret Sys Balt Cnty was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Reams-Employees' Retirement System of Baltimore County was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

344.     Denies that an entity named Reams – Frontegra Col Core PL FD was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Reams-Frontegra Columbus Core Plus Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

345.     Denies that an entity named Reams – Health Care Found KS was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Health Care Foundation of Greater Kansas City was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

346.     Denies that an entity named Reams – Indiana Mjr Move Cnstrct was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Reams-State of Indiana Major Moves Construction Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

347.     Denies that an entity named Reams – Inter LC Pen FD Grphc Co was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Reams-Inter Local Pension Fund of the Graphic Comm Intl Brotherhood of

Teamsters was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

348.     Denies that an entity named Reams Kraft Foods Glbl Inc was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Kraft Foods Global, Inc. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

349.     Denies that an entity named Reams – Laboratory Corp of US HL was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Reams-Laboratory Corporation of America Holdings was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

350.     Denies that an entity named Reams – Montana Board of Inve was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Reams Montana Board of Investments was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

351.     Denies that an entity named Reams – Retirement Bd of the Par was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Reams – Retirement Board of the Park Employees Annuity and Benefit Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

352.     Denies that an entity named Reams – Santa Barbara Cnty Emp R was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits

that an entity named Reams-Santa Barbara County Employees Retirements System was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

353.    Denies that an entity named Reams – Santa Barbara County was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Santa Barbara County was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

354.    Denies that an entity named Reams – Seattle City Empl Retire was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Seattle City Employee's Retirement System was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

355.    Denies that an entity named Reams – Sonoma Cnty Emp Ret Asso was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Reams-Sonoma County Employees Retirement Association was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

356.    Denies that an entity named Reams – St Luke Epis Hlth Sys FD was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Reams-St Lukes Episcopal Health System Foundation was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

357.    Denies that an entity named Reams – The Mather Found Core PL was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits

that an entity named Reams – The Mather Foundation Core Plus was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

358.    Denies that an entity named Reams – The Rotary Fdtn was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but Admits that an entity named Reams-The Rotary Foundation was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

359.    Denies that an entity named Reams – Trustees of Purdue was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Reams – Trustees of Purdue University was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

360.    Denies that an entity named Reams – Univ of Kentucky was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Reams-University of Kentucky was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

361.    Denies that an entity named Reams – Ventura Cnty Emp Ret Ass was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Reams-Ventura County Employee's Retirement Association was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

362.    Admits that an entity named RGA Reinsurance Company was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

363.     Denies that an entity named Royal Bank of Scotland, plc was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named The Royal Bank of Scotland PLC New York Branch was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

364.     Denies that an entity named Sankaty Cr Opps Off Mtr IV LP was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

365.     Denies that an entity named Sankaty High Yield Partners II, L.P. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

366.     Admits that an entity named Sankaty High Yield Partners III L.P. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

367.     Denies that an entity named Secondary Loan and Distressed was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

368.     Denies that an entity named Security Invstrs – Hi Yld FD was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Security Investors-Security Income Fund-High Yield Series was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

369.     Denies that an entity named SEI Inst Mgd TR Core Fxd Inc was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named SEI Institutional Managed Trust's Core Fixed Income was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

370.    Admits that an entity named SFR Ltd was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

371.    Admits that an entity named Shinnecock CLO II Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

372.    Admits that an entity named Silverado CLO 2006-I Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

373.    Denies that an entity named Solus Core Opp Master FD Ltd was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Solus Core Opportunities Master Fund Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

374.    Denies that an entity named SRI FD LP was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named SRI Fund LP was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

375.    Denies that an entity named SSS Fdg II, LLC was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named SSS Funding II LLC was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

376.    Admits that an entity named State of Connecticut was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

-64-

377.    Denies that an entity named Stichting Bedrijfstakpens was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Stichting Bedrijfstakpensioenfonds Voor De Metalektro was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

378.    Denies that an entity named Stichting Depositor APG was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Stichting Depository APG Fixed Income Credits Pool was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

379.    Denies that an entity named Stichting Pensionfonds Me was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Stichting Bedrijfstakpensioenfonds Voor De Metalektro was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

380.    Denies that an entity named Taconic Cap Ptnrs 1 5 LP was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Taconic Capital Partners 1 5 L P was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

381.    Denies that an entity named Taconic Market Disl Master II was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Taconic Market Dislocation Master Fund II LP was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

382.    Denies that an entity named Taconic Market Dislocation II was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Taconic Market Dislocation Fund II LP was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

383.    Denies that an entity named Taconic Opportunity FD LP was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Taconic Opportunity Fund LP was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

384.    Denies that an entity named TCW High Income Parts Ltd was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named TCW High Income Partners Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

385.    Denies that an entity named TCW IL St Brd of Inv was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named TCW Illinois State Board of Investment was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

386.    Denies that an entity named TCW Sr Secured FLTG Rt Ln FD L was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named TCW Senior Secured Floating Rate Loan Fund LP was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

-66-

387.    Denies that an entity named TCW Sr Secured Ln Fund LP was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named TCW Senior Secured Loan Fund L P was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

388.    Denies that an entity named TCW Velocity CLO was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Velocity CLO Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

389.    Denies that an entity named Texas Cty & Dist Ret Sys was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Texas County & District Ret System was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

390.    Denies that an entity named The Bank of New York was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

391.    Denies that an entity named Thrivent Fin for Lutherans was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Thrivent Financial for Lutheran was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

392.    Denies that an entity named Thrivent Hi Yld FD was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named

Thrivent High Yield Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

393.    Denies that an entity named Thrivent Hi Yld PF was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Thrivent High Yield Portfolio was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

394.    Admits that an entity named Thrivent Income Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

395.    Admits that an entity named Thrivent Income Portfolio was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

396.    Admits that an entity named TMCT II LLC was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

397.    Admits that an entity named TRS SVCO LLC was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

398.    Denies that an entity named Virtus Multisector Sht Trm BD was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Virtus Multisector Short Term Bond Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

399.    Denies that an entity named Virtus Multi Sector Fx Inc FD was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an

entity named Virtus Multi Sector Fixed Income Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

400.    Denies that an entity named Virtus Senior Floating Rt FD was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Virtus Senior Floating Rate Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

401.    Admits that an entity named Vitesse CLO Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

402.    Admits that an entity named Vulcan Ventures Inc. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

403.    Denies that an entity named WAMCO 176 – VA Supplemental Ret was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named WAMCO 176 – Virginia Supplemental Retirement System was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

404.    Denies that an entity named WAMCO 2357 – Legg Mason Prtnrs was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named WAMCO 2357-Legg Mason Partners Capital and Income Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

405.    Denies that an entity named WAMCO 3023 – Virginia Ret Sys Bk was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits

that an entity named WAMCO 3023-Virginia Retirement Systems Bank Loan Portfolio was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

406.    Denies that an entity named WAMCO 3073 – John Hancock Trst was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named WAMCO 3073-John Hancock Trust Floating Rate Income Trust was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

407.    Denies that an entity named WAMCO 3074 – John Hancock FD II was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named WAMCO 3074-John Hancock Fund II-Floating Rate Income Fund was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

408.    Denies that an entity named WAMCO Mt Wilson CLO was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Mt. Wilson CLO Ltd. was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

409.    Denies that an entity named WAMCO Wstrn Asset FLTG Rt Hi In was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named WAMCO Western Asset Floating Rate High Income Fund LLC was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

410.    Denies that an entity named WAMCO – 3131 – Raytheon Master Pen was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits

-70-

that an entity named Wamco-3131-Raytheon Master Pension Master Trust was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

411.     Admits that an entity named Wells – 13702900 was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

412.     Admits that an entity named Wells – 14945000 was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

413.     Denies that an entity named Wells – 16017000 was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Wells Capital Management 16017000 was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

414.     Denies that an entity named Wells 16959701 – John Hancock was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Wells Capital Management 16959701 was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

415.     Admits that an entity named Wells Cap Mgmt – 13923601 was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

416.     Denies that an entity named Wells Cap Mgmt 12222133 was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Wells  and Company Master Pension Trust: DBA Wells Capital Management -

-71-

12222133 was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

417.     Admits that an entity named Wells Capital Management 18866500 was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

418.     Denies that an entity named Wells 16463700 LA Dept W&Pwr Em was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Wells –Los Angeles Dept. of Water & Power Employees Retire Disability was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

419.     Denies that an entity named Wells 16959700 – JH Hi Yld was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named Wells Capital Management 16959700 was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

420.     Denies that an entity named West Bend Mutual Insurance Com was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement but admits that an entity named West Bend Mutual Insurance Company was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

421.     Admits that an entity named Wexford Catalyst Investors was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

422.     Admits that an entity named Wexford Spectrum Investors LLC was a lender of record on June 30, 2009 in the loan made under the Term Loan Agreement.

423.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 423 of the Complaint.

424.    States that the allegations of paragraph 424 of the Complaint constitute legal conclusions as to which no responsive pleading is required.  To the extent a response is required, JPMCB denies the allegations of paragraph 424 of the Complaint.

425.    Denies the allegations of paragraph 425, except admits that General Motors Corporation, Saturn Corporation and JPMCB, as Administrative Agent, and the lenders which were party thereto from time to time, entered into the Term Loan Agreement and refers to the Term Loan Agreement for the terms set forth therein.

426.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 426 of the Complaint, except admits that certain lenders extended credit to the Debtors secured by a first-priority lien on certain assets of the Debtors pursuant to the terms of the Term Loan Agreement, and refers to the Term Loan Agreement for the terms set forth therein.

427.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 427 of the Complaint, except admits that as of June 1, 2009, the outstanding principal balance under the Term Loan Agreement was in excess of $1.4 billion and that JPMCB had a claim against the Debtors under the Term Loan Agreement and refers to the Term Loan Agreement for the terms set forth therein.

428.    Denies the allegations of paragraph 428 of the Complaint, except admits that the Debtors filed a motion on the Petition Date seeking, *inter alia*, authority from the

Bankruptcy Court to obtain postpetition financing ("DIP Motion") and refers to the DIP Motion for the terms set forth therein.

429.    Denies the allegations of paragraph 429 of the Complaint, except admits that the Debtors filed the DIP Motion seeking, *inter alia*, authority from the Bankruptcy Court to apply the proceeds of the DIP Credit Facility [as defined in the DIP Order] to repay amounts outstanding under the Term Loan Agreement and refers to the DIP Motion for the terms set forth therein.

430.    Denies the allegations of paragraph 430 of the Complaint, except admits that the Committee was involved in negotiating the DIP Order and the DIP Order provides the Committee with certain limited rights "with respect only to the perfection of first priority liens of the Prepetition Senior Facilities Secured parties [as defined in the DIP Order]" and refers to the DIP Order for the terms set forth therein.

431.    Denies the allegations of paragraph 431 of the Complaint, except admits that DIP Credit Facility [as defined in the DIP Order] was approved by the Bankruptcy Court and that the DIP Order provides the Committee with certain limited rights "with respect only to the perfection of first priority liens of the Prepetition Senior Facilities Secured Parties [as defined in the DIP Order]" and refers to the DIP Order for the terms set forth therein.

432.    Denies the allegations of paragraph 432 of the Complaint, except admits that JPMCB has been repaid the amounts due it under the Term Loan Agreement out of the proceeds of the DIP Credit Facility [as defined in the DIP Order] and refers to the DIP Order for the terms set forth therein.

433.     Denies the allegations of paragraph 433 of the Complaint, except admits that the Committee purports to bring this Complaint to challenge the first-priority lien that secured the loan made under the Term Loan Agreement.

434.     Denies the allegations of paragraph 434 of the Complaint, except admits that two UCC-1 financing statements were filed with the Delaware Secretary of State on November 30, 2006 in connection with the Term Loan Agreement (the "Term Loan UCC Financing Statements"), and refers to the Term Loan UCC Financing Statements for the terms set forth therein.

435.     Denies the allegations of paragraph 435 of the Complaint, except admits that a UCC-3 financing statement amendment dated October 30, 2008 (the "October 2008 Amendment") was filed with the Delaware Secretary of State, and refers to the October 2008 Amendment for the terms set forth therein.

436.     States that the allegations of paragraph 436 of the Complaint constitute legal conclusions as to which no responsive pleading is required.  To the extent a response is required, JPMCB denies the allegations of paragraph 436 of the Complaint.

437.     Denies the allegations of paragraph 437 of the Complaint, except admits that the DIP Order provides the Committee with certain limited rights "with respect only to the perfection of first priority liens of the Prepetition Senior Facilities Secured parties [as defined in the DIP Order]" and refers to the DIP Order for the terms set forth therein.

## AS AND FOR AN ANSWER
## TO THE FIRST CLAIM FOR RELIEF

438.     Repeats and re-alleges its responses to paragraphs 1 through 437 of the Complaint with the same force and effect as if fully set forth herein.

439.     States that the allegations of paragraph 439 of the Complaint constitute legal conclusions as to which no responsive pleading is required.  To the extent a response is required, JPMCB denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 439 of the Complaint.

440.     Denies the allegations of paragraph 440 of the Complaint.

441.     States that the allegations of paragraph 441 of the Complaint constitute legal conclusions as to which no responsive pleading is required.  To the extent a response is required, JPMCB denies the allegations of paragraph 441 of the Complaint.

## AS AND FOR AN ANSWER
## TO THE SECOND CLAIM FOR RELIEF

442.     Repeats and re-alleges its responses to paragraphs 1 through 441 of the Complaint with the same force and effect as if fully set forth herein.

443.     Denies the allegations of paragraph 443 of the Complaint.

444.     States that the allegations of paragraph 444 of the Complaint constitute legal conclusions as to which no responsive pleading is required.  To the extent a response is required, JPMCB denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 444 of the Complaint.

445.     Denies the allegations of paragraph 445 of the Complaint, except admits that the DIP Order authorized the Debtors to apply the proceeds of the DIP Credit Facility [as defined in the DIP Order] to repay amounts outstanding under the Term Loan Agreement and refers to the DIP Order for the terms set forth therein.

446.     Denies the allegations of paragraph 446 of the Complaint, except admits that JPMCB has been repaid the amounts due it under the Term Loan Agreement out of the proceeds of the DIP Credit Facility [as defined in the DIP Order] and refers to the DIP Order for the terms set forth therein.

447.     Denies the allegations of paragraph 447 of the Complaint, except admits that the DIP Order provides the Committee with certain limited rights "with respect only to the perfection of first priority liens of the Prepetition Senior Facilities Secured parties [as defined in the DIP Order]" and refers to the DIP Order for the terms set forth therein.

448.     Denies the allegations of paragraph 448 of the Complaint.

449.     Denies the allegations of paragraph 449 of the Complaint.

450.     Denies the allegations of paragraph 450 of the Complaint.

451.     States that the allegations of paragraph 451 of the Complaint constitute legal conclusions as to which no responsive pleading is required.  To the extent a response is required, JPMCB denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 451 of the Complaint.

452.     Denies the allegations of paragraph 452 of the Complaint.

## AS AND FOR AN ANSWER
## TO THE THIRD CLAIM FOR RELIEF

453.    Repeats and re-alleges its responses to paragraphs 1 through 452 of the Complaint with the same force and effect as if fully set forth herein.

454.    Denies the allegations of paragraph 454 of the Complaint.

455.    States that the allegations of paragraph 455 of the Complaint constitute legal conclusions as to which no responsive pleading is required.  To the extent a response is required, JPMCB denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 455 of the Complaint.

456.    States that the allegations of paragraph 456 of the Complaint constitute legal conclusions as to which no responsive pleading is required.  To the extent a response is required, JPMCB denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 456 of the Complaint.

457.    States that the allegations of paragraph 457 of the Complaint constitute legal conclusions as to which no responsive pleading is required.  To the extent a response is required, JPMCB denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 457 of the Complaint.

458.    States that the allegations of paragraph 458 of the Complaint constitute legal conclusions as to which no responsive pleading is required.  To the extent a response is required, JPMCB denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 458 of the Complaint.

459.    States that the allegations of paragraph 459 of the Complaint constitute legal conclusions as to which no responsive pleading is required.  To the extent a response is required, JPMCB denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 459 of the Complaint.

460.    Denies the allegations of paragraph 460 of the Complaint.

461.    Denies the allegations of paragraph 461 of the Complaint.

**AS AND FOR AN ANSWER
TO THE FOURTH CLAIM FOR RELIEF**

462.    Repeats and re-alleges its responses to paragraphs 1 through 461 of the Complaint with the same force and effect as if fully set forth herein.

463.    Denies the allegations of paragraph 463 of the Complaint.

464.    Denies the allegations of paragraph 464 of the Complaint.

JPMCB further denies and objects to each one of the Committee's "prays for judgment" numbered 1 through 8 and set forth on pages on pages 55 and 56 of the Complaint.

**AFFIRMATIVE DEFENSES**

In asserting the following affirmative defenses to Plaintiff's claims, JPMCB does not concede that the assertion of such defenses imposes any burden of proof on JPMCB with respect thereto.  Furthermore, JPMCB has not yet completed its investigation and, to the extent that investigation and/or discovery warrant, reserves the right to supplement, amend or delete

any or all of the following affirmative defenses prior to any trial of this action.  At the present time, JPMCB asserts that the claims alleged in the Complaint against JPMCB are barred, in whole or in part, because:

## FIRST DEFENSE

The Complaint fails to state a claim against JPMCB upon which relief may be granted.

## SECOND DEFENSE

Plaintiff is estopped from alleging that the security interest of JPMCB, as Administrative Agent, was terminated or, in the alternative, the Bankruptcy Court should find that the Debtors held the collateral under the Term Loan Agreement pursuant to a constructive trust.

## THIRD DEFENSE

Any injury or damages to the Plaintiff should be reduced to the extent that the culpable conduct of others caused or contributed to any damages or injury that the Plaintiff may have sustained.

## FOURTH DEFENSE

The claims asserted in the Complaint against JPMCB are barred by the doctrines of *in pari delicto*, unclean hands and/or the *Wagoner* Rule.

### FIFTH DEFENSE

The October 2008 Amendment was filed without authority and therefore is ineffective.

### SIXTH DEFENSE

The unauthorized filing of the October 2008 Amendment did not waive JPMCB's security interest in certain assets of the Debtors pursuant to the Term Loan Agreement and the Term Loan UCC Financing Statements.

### SEVENTH DEFENSE

JPMCB was a secured party and had a perfected security interest on the Petition Date in certain assets of the Debtors pursuant to the Term Loan Agreement as set forth in multiple UCC-1 financing statements filed throughout the United States, including, but not limited to the UCC-1 financing statement numbered 6416822 3 and filed on November 30, 2006 with the Secretary of State of Delaware listing Saturn Corporation as the "debtor."

### EIGHTH DEFENSE

At the time any of the purported transfers referenced in the Complaint were allegedly made by the Debtors, JPMCB was a perfected secured creditor thereby excepting all of the alleged transfers from avoidance as preferential transfers pursuant to Bankruptcy Code section 547(b)(5).

**NINTH DEFENSE**

Pursuant to Bankruptcy Code section 547(c)(2), the alleged transfers sought from JPMCB in the Complaint were (a) in payment of a debt incurred by the Debtors in the ordinary course of business or financial affairs of the Debtors and JPMCB, (b) made in the ordinary course of business or financial affairs of the Debtors and JPMCB, and (c) made according to ordinary business terms.

**TENTH DEFENSE**

The claims asserted in the Complaint against JPMCB are barred by the doctrine of earmarking.

**ELEVENTH DEFENSE**

The claims asserted in the Complaint against JPMCB are barred by the doctrines of recoupment and/or set-off.

**TWELFTH DEFENSE**

The claims asserted in the Complaint against JPMCB are barred to the extent that JPMCB was a mere conduit with respect to any of the alleged transfers.

**THIRTEENTH DEFENSE**

Pursuant to the terms of the DIP Order, to the extent JPMCB made any payments to lenders pursuant to the Term Loan Agreement, JPMCB has no responsibility or liability for such amounts paid and is exculpated for any and all such liabilities.

## FOURTEENTH DEFENSE

Pursuant to the Term Loan Agreement, the Debtors agreed to hold harmless and indemnify JPMCB to the full extent of any losses, expenses, claims or proceedings related to or arising out of the Term Loan Agreement.  JPMCB hereby invokes all of its contractual and common law indemnity rights, and hereby provides notice to Plaintiff and the Debtors thereof.

## FIFTEENTH DEFENSE

Pursuant to the terms of the DIP Order, Debtors agreed to pay the reasonable fees, costs and charges incurred by JPMCB in defending itself against the Plaintiff's Complaint.

WHEREFORE, JPMorgan Chase Bank, N.A. respectfully requests that judgment be entered in its favor as follows:

A.  Dismissing with prejudice Plaintiff's Complaint in its entirety and on the merits;

B.  Awarding JPMCB its costs of defending this action, including reasonable attorneys' fees, costs and disbursements; and

C.  Awarding to JPMCB such other and further relief as this Court may deem just and proper.

Dated:  New York, New York
October 7, 2009

Respectfully submitted,

KELLEY DRYE & WARREN LLP

By:  /s/ John M. Callagy

John M. Callagy (JC 8166)
Nicholas J. Panarella (NP 2890)
Martin A. Krolewski (MK 3352)

101 Park Avenue
New York, New York 10178
(212) 808-7800

Attorneys for Defendant
JPMorgan Chase Bank, N.A.