## KELLEY DRYE & WARREN LLP

A LIMITED LIABILITY PARTNERSHIP

101 PARK AVENUE

NEW YORK, NEW YORK 10178

(212) 808-7800

WASHINGTON, DC
CHICAGO, IL
STAMFORD, CT
PARSIPPANY, NJ

BRUSSELS, BELGIUM

AFFILIATE OFFICES
MUMBAI, INDIA

FACSIMILE
(212) 808-7897
www.kelleydrye.com

DIRECT LINE: (212) 808-7718
EMAIL: jcallagy@kelleydrye.com

JOHN M. CALLAGY
DIRECT LINE (212) 808-7718
E-MAIL: jcallagy@kelleydrye.com

June 9, 2011

**BY HAND**

Hon. Robert E. Gerber, U.S.B.J.
United States Bankruptcy Court
 for the Southern District of New York
One Bowling Green
New York, NY 10004

    Re: Official Committee of Unsecured Creditors of Motors Liquidation
       Company v. JPMorgan Chase Bank, N.A., *et al.* Adv. Pro. No. 09-00504

Dear Judge Gerber:

    On behalf of JPMorgan Chase Bank, N.A. ("JPMCB"), we write to submit to the Court, as supplemental authority in further support of JPMCB's motion for summary judgment currently pending before the Court in this adversary proceeding, a recent decision rendered by the district court for the Northern District of California. *See Official Committee of Unsecured Creditors v. City National Bank, N.A.*, No. C09-03817 (MMC), 2011 WL 1832963 (N.D.Cal. May 13, 2011) (attached hereto as Exhibit A). The *City National Bank* decision affirms a bankruptcy court decision in *In re A.F. Evans Company, Inc.*, No. 09-41727 (EDJ), 2009 WL 2821510 (Bankr. N.D. Cal. July 14, 2009) (attached hereto as Exhibit B), which JPMCB relied upon in support of its motion for summary judgment.

    In *A.F. Evans Co.*, the secured creditor authorized an escrow agent, through a set of escrow instructions, to record UCC-3 termination statements related only to two of three specific partnerships. *See* 2009 WL 2621510 at *1. Instead, the escrow agent filed UCC-3 termination statements which purported to release the secured creditor's security interest in all of the debtor's assets. *Id.* at *2. The bankruptcy court determined that all of the termination statements were not effective and dismissed the action. *Id.* at *3-5.

    On appeal, the district court affirmed, holding that the debtor had only authorized the termination of the two partnership interests identified in the escrow instructions. *City National Bank*, 2011 WL 1832963, at *5.

KELLEY DRYE & WARREN LLP

The Honorable Robert E. Gerber
June 9, 2011
Page Two

      Significantly, the district court found that *In re Pacific Trencher Equipment, Inc.*, 735 F.2d 362 (9th Cir. 1984), on which plaintiff here relies, was inapplicable because it "was decided before the 2001 revision of Article IX of the California Commercial Code and the enactment of sections 9509(d) and 9510(a), which provisions altered the law regarding the validity of financing statements from what it was at the time *Pacific Trencher* was decided. After the revisions, the test for determining the validity of a UCC-3 Amendment is whether it was authorized." *Id.* at *7 fn. 3.

      The district court's affirmation of the bankruptcy court's decision in *A.F. Evans* further supports JPMCB's argument that the filing of the UCC-3 at issue in this case is ineffective because it was filed without JPMCB's authority.

                             Respectfully submitted,

                             John M. Callagy

Attachments

cc:    Eric B. Fisher, Esq. (via e-mail and First Class U.S. Mail w/attachments)